UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAMON SESSION,

        Plaintiff,

                       **Hon. Hugh B. Scott**

    v.

                       07CV6076A

                       **Report**
                        **&**
ERIE COUNTY SHERIFF DEPARTMENT,         **Recommendation**
et al.,

        Defendants.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 34), following reassignment of this case from Rochester (Docket No. 33, Order of January 14, 2013). The instant matter before the Court is defendants' motion for summary judgment (Docket No. 27[1]). Responses to this motion were due by February 22, 2013, and any replies by March 1, 2013, and the motion was deemed submitted (without oral argument) on March 1, 2013 (Docket No. 35; see also Docket Nos. 28 (initial briefing schedule), 30 (Order granting extension of time to file response, Docket No. 29)). Plaintiff, proceeding pro se was given an Irby notice, see Irby v. New York City Transit Auth., 262 F.3d 412 (2d Cir. 2001) (Docket No. 35; see also Docket No. 28). Plaintiff did not file a response.

---

[1] In support of this motion, defendants submitted their attorney's supporting Declaration, Memorandum of Law, and exhibits (the pleadings in this action), Docket No. 27. Plaintiff did not submit a response.

**BACKGROUND**

This is a civil rights action by an inmate, proceeding pro se, challenging the alleged strip search policy of the Erie County Sheriff and other defendants as applied to him from March 1999 to April 2004 (Docket No. 7, Am. Compl.; see also Docket No. 1, Compl.). Essentially, plaintiff claims that when he was arrested for parole violations and other charges, he would be taken into the Sheriff's custody and required to strip off his clothes to his underwear (id.). Plaintiff was granted leave to amend the Complaint (Docket No. 8; see Docket No. 7, Am. Compl.) and was granted leave to proceed in this case in forma pauperis (Docket No. 5; see Docket No. 4, Motion to proceed in forma pauperis). In the Order granting plaintiff leave to amend the Complaint, this Court held that claims based upon events that occurred before February 8, 2004, were time barred by the statue of limitations and those claims were dismissed with prejudice (Docket No. 8, Order at 2). What remains is the Sixth Claim, in which plaintiff alleges that he was strip searched on April 15, 2004, while being detained on a harassment charge (id.; Docket No. 7, Am. Compl. at 8). Plaintiff seeks punitive damages as relief (Docket No. 7, Am. Compl. at 8).

Plaintiff sues the Erie County Sheriff's Department, then-Sheriff[2] Patrick Gallivan in his official capacity (Docket No. 7, Am. Compl. at 2).

Defendants answered the Amended Complaint (Docket No. 12, Answer). Plaintiff later moved for summary judgment (Docket No. 23) but that motion was denied by Judge David Larimer (Docket No. 24).

---

[2]The current Sheriff is Timothy Howard. Neither party has sought to substitute Sheriff Howard for Gallivan, cf. Fed. Civ. R. P.25(d).

*Defense Motion*

Defendants then filed their motion for summary judgment (Docket No. 27). There, they argue that claims against the Erie County Sheriff for the actions of his deputies and staff should be dismissed (id., Defs. Memo. at 4-5). They contend that plaintiff failed to state a cause of action under 42 U.S.C. § 1983 (id. at 5-6). They declare that the Sheriff's Department is not a suable entity (id. at 6). Finally, they conclude that a municipality (such as the defendants here are or represent) is not liable for punitive damages (id. at 6-7).

## DISCUSSION

I. Standards

   A. Summary Judgment

Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003); Fed. R. Civ. P. 56(a) (effective Dec. 2010). The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists. In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant. Ford, supra, 316 F.3d at 354. "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir.) (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986)), cert. denied, 522 U.S. 864 (1997). While the moving party must demonstrate the absence of any genuine factual dispute, Celotex Corp. v.

Catrett, 477 U.S. 317, 323 (1986), the party against whom summary judgment is sought, however, "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (emphasis in original removed); McCarthy v. American Intern. Group, Inc., 283 F.3d 121, 124 (2d Cir. 2002); Marvel Characters v. Simon, 310 F.3d 280, 285-86 (2d Cir. 2002). The opponent to a summary judgment motion may argue that he cannot respond to the motion where it shows, by affidavit, "that, for specified reasons, it cannot present facts essential to justify its opposition," Fed. R. Civ. P. 56(d).

The Local Civil Rules of this Court require that movant and opponent each submit "a separate, short, and concise" statement of material facts, and if movant fails to submit such a statement it may be grounds for denying the motion, W.D.N.Y. Loc. Civ. R. 56(a)(1), (2) (effective Jan. 1, 2011). The movant is to submit facts in which there is no genuine issue, id. R. 56(a)(1), while the opponent submits an opposing statement of material facts as to which it is contended that there exists a genuine issue to be tried, id. R. 56(a)(2). Each numbered paragraph in the movant's statement will be deemed admitted unless specifically controverted by a correspondingly numbered paragraph in the opponent's statement, id. Each statement of material fact is to contain citations to admissible evidence to support the factual statements and all cited authority is to be separately submitted as an appendix to that statement, id. R. 56(a)(3).

Here, plaintiff is proceeding pro se and as such his pleadings are to be liberally construed, see Haines v. Kerner, 404 U.S. 519 (1972) (per curiam).

> "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, [550 U.S. 544, 555], 127 S. Ct. 1955, 1964, (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. Bell Atlantic Corp., supra, at [555], 127 S. Ct. 1955, 1964, (citing Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508, n. 1 (2002); Neitzke v. Williams, 490 U.S. 319, 327 (1989); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974))."

Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). In Erickson, the Court held that the Tenth Circuit departed from the liberal pleading standards of Rule 8(a)(2) by dismissing a pro se inmate's claims.

> "The Court of Appeals' departure from the liberal pleading standards set forth by Rule 8(a)(2) is even more pronounced in this particular case because petitioner has been proceeding, from the litigation's outset, without counsel. A document filed pro se is 'to be liberally construed,' [Estelle v. Gamble, 429 U.S., 97, 106 (1976)], and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers,' ibid. (internal quotation marks omitted). Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice")."

551 U.S. at 94; see Boykin v. KeyCorp, 521 F.3d 202, 213-14 (2d Cir. 2008). Thus, the pro se plaintiff's complaint has to be construed "more liberally" than one filed by counsel, Boykin, supra, 521 F.3d at 214.

B. Civil Rights Liability and Municipal Parties

Under § 1983, defendants are liable either for their personal involvement in the alleged violation of plaintiff's civil rights or in establishing a policy or custom, implemented by others, that leads to the violation. To state a § 1983 claim, plaintiff must allege the manner in which defendant was personally involved in depriving plaintiff of his rights, see Colon v. Coughlin,

5

58 F.3d 865, 873 (2d Cir. 1995); Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Al-Jundi v. Estate of Rockefeller, 885 F.2d 1060, 1065 (2d Cir. 1989). "Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983," Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991); see Wright, supra, 21 F.3d at 501; Colon, supra, 58 F.3d at 873; Provost v. City of Newburgh, 262 F.3d 146, 154 (2d Cir. 2001). There are several ways to allege personal involvement: plaintiff could claim that defendant had direct participation in the event; plaintiff could claim that defendant failed to remedy the violation after it was noticed; defendant created the policy which lead to the violation or allowed the policy to continue; defendant was grossly negligent in managing subordinates which caused the violation to occur; or defendant exhibited gross negligence or deliberate indifference to plaintiff's rights by failing to act on information indicating that unconstitutional acts were taking place, Wright, supra, 21 F.3d at 501.

    C.    Strip Searches in Jails

While this case was pending (cf. Docket No. 27, Defs. Motion of Feb. 14, 2012), the United States Supreme Court decided Florence v. Board of Chosen Freeholders, 566 U.S. ___, 132 S.Ct. 1510 (Apr. 2, 2012) (reversing Weber v. Dell, 804 F.2d 796 (2d Cir. 1986), see Florence, supra, 132 S.Ct. at 1530 (Breyer, J., dissenting)), and the issue of strip searches in Erie County facilities is also pending before this Court, Pritchard v. Erie County, No. 04CV534 (W.D.N.Y.); see also Williams v. Niagara County, No. 06CV291 (W.D.N.Y.) (raising same issue for Niagara County detainees). Plaintiff states that he wanted to join the Pritchard class but plaintiffs' counsel in that case never responded to him (Docket No. 7, Am. Compl at 2, "State of Jurisdiction").

6

Not addressed by the parties in this case, Florence holds that a county jail may conduct strip searches of inmates (even those detained for violations and accusations of minor offenses), balancing the safety and security requirements of the jail with the privacy interests of the detainees, 132 S.Ct. 1510. The specific issue was "whether every detainee who will be admitted to the general population [of a jail or like facility] may be required to undergo a close visual inspection while undressed, id. at 1513. Deferring to the expertise of correctional officials in the absence of a record of substantial evidence that such searches either were unnecessary or were an unjustified response to the problems of jail security, the Court held that strip searches that include detainees removing all clothing and being visually inspected in body cavities was constitutional, id. at 1514, 1515-18, 1518. The Court rejected creating an exception for those detained for violations or lesser offenses because of the risk posed by the danger of contraband being brought in by those detainees, id. at 1519-21. The Court held that "the seriousness of an offense is a poor predictor of who has contraband and that it would be difficult in practice to determine whether individual detainees fall within the proposed exemption," id. at 1520. Also, the Court found that the initial classification of detainees by their current and prior offenses would be difficult in order to determine who should or should not be searched, id. at 1521. The Court rejected petitioner's suggested scheme to limit the intrusion of the privacy of some detainees "but at the risk of increased danger to everyone in the facility, including the less serious offenders themselves," id. at 1522.

As described by Justice Alito in his concurrence, the majority of the Court held that jail administrators may require all arrestees who are committed to general population of a jail to undergo visual strip searches not involving physical contact by corrections officers, directing

detainees to disrobe and submit to visual inspection including manipulation of body parts, id. at 1524 (Alito, J., concurring).

II.     Application

The only claim that remains in plaintiff's Amended Complaint (cf. Docket No. 8, Order at 2) is the Sixth Claim regarding the strip search on April 15, 2004. Plaintiff there alleges in its entirety: "while being detained on a harassment charge at the Erie County, Holding Center, [sic] I was illegally searched by being told to drop my pants and bend over without permission. In violation of the Equal Protection Act [sic] under the Forth [sic] Amendment. I am seeking relief for puntative [sic] damages. I'm terrified of police and become depressed and stress [sic] to the extreme" (Docket No. 7, Am. Compl. at 8).

　　　　A.     Summary Judgment Procedure

Neither party produced a statement of material facts; while defendants call this a summary judgment motion, they cite the motion to dismiss standard of Rule 12(b)(6) (see Docket No. 27, Defs. Memo. at 3-4). As a result, defendants appear to argue that the facts are undisputed. Plaintiff failed to respond. Further, the revised legal landscape following Florence makes the absence of formal statements of material fact moot.

　　　　B.     Suable Entities

The Erie County Sheriff's Department is a department of the County of Erie and not a freestanding entity. As an administrative unit of the County, Erie County Charter arts. III § 307, XV, the Sheriff's Department is not a legal entity that can be sued. Therefore, plaintiff's claims against the Sheriff's Department should be **dismissed**.

C. Sheriff's Liability

What then remains is plaintiff's claims of the Sheriff's liability for the April 2004 strip search incident. Defendants argue that the Sheriff is not liable under respondeat superior for the actions of his deputies and plaintiff failed to allege Sheriff Gallivan's personal involvement in conducting this search (Docket No. 27, Defs. Memo. at 4-5, 5-6).

Municipalities and municipal supervisory officials (such as the Sheriff) are not vicariously liable for the actions of their personnel absent a municipal policy mandating the staff's actions, Monell v. Department of Soc. Servs., 436 U.S. 658, 691 (1978). After the Supreme Court's decision in Ashcroft v. Iqbal, 556 U.S. 662 (2009), rev'g Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007), regarding the standards for pleadings, courts in this Circuit have recognized two categories of supervisory liability available under 42 U.S.C. § 1983; that the supervisory defendant directly participated in the alleged violation or the defendant created a policy or custom under which the unconstitutional practices occurred, Bellamy v. Mount Vernon Hospital, No. 07 Civ. 1801, 2009 WL 1835939, at *6 (S.D.N.Y. June 26, 2009), aff'd, 387 Fed. Appx. 55 (2d Cir. 2010); but cf. Colon, supra, 58 F.3d 865 (2d Cir. 1995) (standard for categories of supervisory liability, pre-Iqbal).

Here, plaintiff does not allege Gallivan personally participated in the strip search on April 15, 2004. He also does not allege that Gallivan created a policy or custom to conduct strip searches. Therefore, plaintiff fails to allege respondeat superior liability to hold Gallivan liable for the actions of his deputies. On this basis, the substance of plaintiff's remaining claims should be **dismissed** and defendants' motion for summary judgment (Docket No. 27) should be **granted**.

Even if plaintiff somehow has alleged the existence of a policy condoning strip searches, the Supreme Court in Florence has upheld the constitutionality of such a policy. The Supreme Court held in Florence that such a policy does not violate a detainee's rights, 132 S.Ct. 1510. Here, plaintiff was strip searched on April 2004 following being detained on a harassment charge (see Docket No. 7, Am. Compl.). His case challenges strips searches generally, and does not allege that the particular search was invasive or was done to intentionally humiliate him or was otherwise abusive, cf. Florence, supra, 132 S.Ct. at 1523 (raising these issues, but not deciding, as the potential basis for a challenge to strip searches). Under Florence, these searches did not violate plaintiff's rights. Even if the grounds raised by defendants failed, no violation of plaintiff's rights occurred. Thus, on this alternative basis, defendants' motion for summary judgment should be **granted**.

D. Punitive Damages

Assuming plaintiff has stated a claim, he is not entitled to obtain punitive damages from these defendants. First, he sued Sheriff Gallivan in his official capacity only (see Docket No. 7, Am. Compl. at 2) and sued the Sheriff's Department (as found above not to be a suable entity). Punitive damages may not be awarded against the Sheriff in his official capacity, see Cash v. County of Erie, No. 04CV182, 2007 U.S. Dist. LEXIS 50129, at *16-18 (W.D.N.Y. July 11, 2007) (Curtin, J.). Even if this action is seen to be against the unnamed County of Erie, punitive damages are not available against that municipality, Dill v. Village of Gowanda, 952 F. Supp. 989, 997 (W.D.N.Y. 1996) (Heckman, Mag. J.) (citing City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981)) (Docket No. 27, Defs. Memo. at 7 n.8), adopted, 952 F. Supp. 989 (W.D.N.Y. 1997) (Skretny, J.).

Even if plaintiff's pleadings are construed to somehow allege liability against Gallivan on an individual capacity basis (which plaintiff did not allege and did not provide a basis to construe his pleading to that extent), punitive damages against government officials are warranted only if the conduct was "motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others," Smith v. Wade, 461 U.S. 30, 56 (1983); Cash, supra, 2007 U.S. Dist. LEXIS 50129, at *17. Plaintiff here has not alleged those types of assertions to support punitive damages; all that is alleged is that separate instances of strip searches occurred without Gallivan stopping them, with no claim regarding Gallivan's motivation or intent in failing to prevent this form of inspection. Therefore, if damages were to be awarded, plaintiff **is not entitled to punitive damages**; defendants' motion for summary judgment (Docket No. 27) on this basis also **should be granted**. Since plaintiff only seeks punitive damages and no other form of relief, his claims should be **dismissed**.

## CONCLUSION

Based upon the above, it is recommended that defendants' motion for summary judgment (Docket No. 27) be **granted**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report &**

**Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective December 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

                                                                                          /s/ Hugh B. Scott
                                                                                  Hon. Hugh B. Scott
                                                             United States Magistrate Judge

Dated: Buffalo, New York
        March 11, 2013